

# In the Court of Criminal Appeals of Texas

No. PD-0577-23

CHARLES BRADSHAW,

*Appellant*

v.

THE STATE OF TEXAS

On Appellant's Petition for Discretionary Review
From the 10th Court of Appeals
McLennan County

YEARY, J., filed a concurring opinion.

The Court today concedes that its statutory-construction analysis is "oddly circular." Majority Opinion at 9. But it has the advantage, the Court says, *id.*, of "harmoniz[ing] both statutes"—both Section 51.608 of

the Texas Government Code,[1] and the "Transition and Effective Date" provision of the 2019 amendment to Section 133.102 of the Texas Local Government Code.[2] *Id*. at 10; TEX. GOV'T CODE § 51.608; TEX. LOC. GOV'T CODE §133.102. But, as I understand the Court's opinion, it achieves this harmonization by essentially reading the "Transition and Effective Date" provision of the 2019 amendment into oblivion.[3]

---

[1] Passed in 2013, Section 51.608 reads:

> Notwithstanding any other law that establishes the amount of a court cost collected by the clerk of a district, county, or statutory county court from a defendant in a criminal proceeding based on the law in effect on the date the offense was committed, the amount of a court cost imposed on the defendant in a criminal proceeding must be the amount established under the law in effect on the date the defendant is convicted of the offense.

TEX. GOV'T CODE § 51.608.

[2] Section 1.03 of the 2019 amendment to Section 133.102 of the Local Government Code raised the court cost imposed for cases involving felony convictions from $133 to $185. *See* Acts 2019, 86th Leg., ch. 1352, § 1.03, p. 3982, eff. Jan. 1, 2020 (amending Section 133.102(a)(1) of the Local Government Code to raise the court cost for felony convictions from $133 to $185). Section 5.01 of the 2019 amendment is the "Transition and Effective Date" provision. It reads:

> Except as otherwise provided by this Act, the changes in law made by this Act apply to a cost, fee, or fine on conviction for an offense committed on or after the effective date of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.

Acts 2019, 86th Leg., ch. 1352, § 5.01, p. 4035, eff. Jan. 1, 2020.

[3] The Court insists it is harmonizing the two provisions by recognizing that there is, it claims, a "small group of defendants who are subject to the old

The Court argues that, absent its harmonizing efforts, we would be consigning Section 51.608 to the legislative scrap heap, and that would be "absurd." Majority Opinion at 10. But I do not understand how this constitutes "harmonizing" the two provisions. Nor do I understand how wholly sacrificing one of the two provisions is any less "absurd" than wholly sacrificing the other.

If the two provisions are really so incompatible that one of them simply has to go, that must mean that they are truly "irreconcilable." And if they are indeed that "irreconcilable," the Code Construction Act tells us how to resolve the conflict: Section 311.025(a) of the Texas Government Code provides that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." TEX. GOV'T CODE § 311.025(a). This means that, if one of these two provisions must be wholly sacrificed for the sake of achieving textual harmony, then arguably it should be

---

law[.]" Majority Opinion at 10. That is, there is a "subset" of defendants who both committed their offenses *and* were convicted *before* the effective date of the 2019 amendment to Section 133.102. *See* Majority Opinion at 9 ("It appears that the 2020 'Transition and Effective Date' applies only to the subset of cases in which a defendant commits an offense <u>and</u> is convicted before 1/1/2020."). But that is not a "subset of defendants" who would, by any understanding, ever be subject to the 2019 amendment—at all—since all relevant events would have taken place before the effective date of that amendment. Indeed, there is no subset of cases involving felony and misdemeanor court costs that, as far as I can tell, will not be *wholly* controlled by Section 51.608 of the Government Code, according to the Court's analysis. Ultimately, for any defendant whose conviction occurs *either before or after* the effective date of the 2019 amendment, Section 51.608 will still govern. In other words, under the Court's apparent reasoning, the Legislature essentially did a useless thing when it added Section 5.01's "Transition and Effective Date" provision, purporting to make the date of *commission* the operative event regarding court costs, to its 2019 amendment to Section 133.102 of the Local Government Code.

Section 51.608, which was enacted in 2013, rather than the later-in-time "Transition and Effective Date" provision of the 2019 amendment to Section 133.102.

Ultimately, however, I do not believe the two provisions are as irredeemably incompatible as the Court seems to think. It is true that both Section 51.608, and Section 5.01 of the 2019 amendment to Section 133.102 (the "Transition and Effective Date" provision), specifically target *criminal court costs*. But, while Section 51.608 is limited in its application to criminal court costs, the "Transition and Effective Date" provision also applies to fees and fines. And, more importantly, Section 133.102 includes court costs for "a nonjailable misdemeanor offense, including a criminal violation of a municipal ordinance,"[4] while Section 51.608 is limited to court costs "collected by the clerk of a district, county, or statutory county court"—which handle felonies and more serious misdemeanors. Thus, the "Transition and Effective Date" provision to the 2019 amendment to Section 133.102 has some additional application that is not negated by Section 51.608. To that extent, at least, the two statutes may be read *in pari materia* to give tangible application to both.

But the bottom line in this case remains the same. This case involves a court cost imposed in a district court. By operation of Section 51.608 of the Government Code, the date of conviction rather than the date of commission is controlling. Because Appellant was convicted after

---

[4] *See* TEX. LOC. GOV'T CODE § 133.102(a)(3) (imposing a $62 (previously $40) court cost "on conviction of a nonjailable misdemeanor offense, including a criminal violation of a municipal ordinance, other than a conviction of an offense relating to a pedestrian or the parking of a motor vehicle").

the effective date of the amendment to Section 133.102(a)(1), which raised the court cost from $133 to $185, the court of appeals did not err to affirm the trial court's assessment of the higher court cost, as the Court decides today.

I therefore respectfully concur.

**FILED:**                                December 18, 2024
**PUBLISH**